McMILLAN, Presiding Judge.
Larry L. Daniels filed a petition for a writ of certiorari, in which he challenged the revocation of his parole by the Alabama Board of Pardons and Paroles (“the Board”). The record indicates that Daniels was serving a 10-year sentence for a 1993 conviction for assault in the first degree. He was placed on parole on July 10, 2000, and his parole was revoked on February 7, 2001; moreover, when his parole was revoked, the Board ordered that Daniels’s parole revocation be given consideration again in February, 2006. Daniels then filed his petition with the Montgomery Circuit Court; that court summarily denied the petition. The court found that Daniels had been given proper written notice of the charge and of the hearing; that the fact-finder’s conclusion that Daniels possessed cocaine while on parole was supported by a police officer’s testimony regarding events the officer had personally observed; that § 15-22-32, Ala.Code 1975, authorized the Board to require Daniels to serve the balance of his original sentence or any part of that sentence; and that the fact-finder and the Board had acted within their discretion and jurisdiction in revoking Daniels’s parole.
Daniels’s probation officer and Dothan police officer Rhett Davis testified at Daniels’s revocation hearing. The hearing officer’s written findings reflect the following: Davis and another officer stopped Daniels on November 3, 2000, in response to a “suspicious persons” report. Daniels told them that his name was “Bob Smith,” and the officers placed him under arrest for giving a false name. They then patted him down for weapons and transported him to jail in their patrol car. During the trip to the jail, Officer Davis saw Daniels moving around in the backseat. When Daniels got out of the car, Davis pulled up the backseat and found a small plastic box containing several white rocks. Field tests of the rocks were positive for the presence of cocaine. Based on this evidence, the hearing officer found Daniels guilty of violating a condition of his parole and recommended a one-year revocation. The Board reviewed the hearing officer’s decision and imposed a five-year revocation.
*1181 The record indicates that the parole in question attached to a 10-year sentence for a conviction of assault in the first degree out of Houston County and that the date of that conviction was September 14, 1993. The same document states that Daniels’s sentence for that conviction will expire on April 9, 2013, 10 years beyond what would appear to be his expiration of sentence. Further, the five additional years of imprisonment would exceed Daniels’s 10-year sentence by three years.[1]
Because as the record stands, Daniels appears due to be released on September 14, 2003, this cause is remanded for the circuit court to clarify Daniels’s sentence. Due return should be made to this Court before the close of business on Friday, September 12, 2003.
REMANDED WITH DIRECTIONS.*
COBB, BASCHAB, SHAW, and WISE, JJ., concur.

. Although it is not a part of the record and thus cannot be considered on appeal, the clerk's office of this Court has indicated to this Court that the Administrative Office of Courts' state judicial information system reveals that Daniels was also convicted of robbery on the same date, September 14, 1993, in Henry County and was sentenced to 20 years' imprisonment on that conviction.

 Note from the reporter of decisions: On October 24, 2003, on return to remand, the Court of Criminal Appeals affirmed, without opinion.